IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOHN LEE KITCHEN,<br><br>        Plaintiff,<br><br>vs.<br><br>DAN WILLOUGHBY, in his individual capacity; WEST VALLEY CITY, a municipality; JOHN DOES 1-5,<br><br>        Defendants. | **MEMORANDUM DECISION and ORDER DENYING MOTION FOR EXTENSION OF TIME TO ANSWER DISCOVERY**<br><br>Case No: 2:06-CV-561 PGC<br><br>District Judge Paul G. Cassell<br><br>Magistrate Judge David Nuffer |

      Plaintiff John Lee Kitchen filed a Motion for Extension of Time to Answer Discovery[1] after Defendants filed a Motion for Summary Judgment[2] based, in part, on Kitchen's failure to timely respond to requests for admission.[3]  Defendants oppose the motion because Kitchen has failed to meet the requirements of Rule 36 of the Federal Rules of Civil Procedure.[4]  Kitchen did not file a reply memorandum in support of his motion.

      Kitchen does not comply with the requirements of Rule 36 to withdraw his admissions. Furthermore, the proposed responses[5] are inadequate in that they do not meet the requirements of

---

[1] Motion for Extension of Time to Answer Discovery (Motion), docket no. 30, filed May 8, 2007.

[2] Motion for Summary Judgment, docket no. 25, filed April 27, 2007.

[3] Memorandum in Support of Motion for Summary Judgment, docket no. 26, filed April 27, 2007.

[4] Defendants' Memorandum in Opposition to Plaintiff's Motion for Extension of Time to Answer Discovery (Opposition), docket no. 35, filed May 14, 2007.

[5] Exhibit A, attached to Motion.

Rule 36.[6]  Kitchen's explanations for the delay and insufficient responses are also untenable. Defendants submitted their First Request for Admissions on February 21, 2007.  The document consisted of three requests for admission.[7]  Yet, "Plaintiff asserts that at this early stage in the discovery process, he has been unable to have sufficient time to gather enough information to effectively answer the Defendant's [sic] extensive discovery demands."[8]  Discovery has been pursued in this case since September 2006.  The original Scheduling Order[9] set March 30, 2007 as the fact discovery cutoff.  On April 3, 2007, an Amended Scheduling Order[10] extended the fact discovery cutoff to June 29, 2007.  Thus, Plaintiff's assertion that this case is still at an "early stage in the discovery process"[11] is incorrect.  The fact discovery process is almost completed, and Plaintiff has had "sufficient time to gather enough information to effectively answer"[12] Defendants' three requests for admission.

---

[6]"An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny."  Fed R. Civ. P. 36(a).

[7]Exhibit 6 at 11-12, attached to Opposition.

[8]Motion at 2.

[9]Scheduling Order, docket no. 8, filed September 1, 2006.

[10]Docket no. 13, filed April 3, 2007.

[11]Motion at 2.

[12]*Id.*

## ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion for Extension of Time to Answer Discovery[13] and Request for Hearing[14] are DENIED.

May 24, 2007.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge

---

[13] Docket no. 30.

[14] Docket no. 30 & 31.